# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

Lyle W. Cayce
Clerk

No. 09-50587
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICENTE FLORES-CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-848-1

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Vicente Flores-Cruz appeals the 77-month sentence imposed following his guilty plea conviction for illegal reentry of a deported alien. He argues that the advisory guidelines range of 77-96 months of imprisonment was too severe, the illegal reentry Guideline is not empirically based and double-counts a defendant's criminal record, and the presumption of reasonableness of a within guidelines sentence should not apply. Flores-Cruz asserts that because his prior drug conviction was used to increase his criminal history score and to increase

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his offense level under U.S.S.G. § 2L1.2, the resulting guidelines range was greater than necessary to achieve the sentencing goals in 18 U.S.C. § 3553(a), particularly with respect to deterring future crime and protecting the public, and that this affects the fairness and integrity of the criminal proceeding.

We review for plain error because Flores-Cruz did not raise these issues in the district court. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). As Flores-Cruz concedes, this court has rejected the argument that there is no empirical support for the illegal reentry Guideline in § 2L1.2 and, therefore, that a presumption of reasonableness should not apply to a within guidelines sentence under this provision. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *Mondragon-Santiago*, 564 F.3d at 366-67. Likewise, this court has rejected the assertion that using a prior conviction to determine the applicable offense level as well as a defendant's criminal history score results in impermissible double-counting. *Duarte*, 569 F.3d at 529-31.

Because the district court imposed a sentence within a properly calculated guidelines range, it is presumptively reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *see also Rita v. United States*, 551 U.S. 338, 346-47 (2007). The district court determined that, although many of Flores-Cruz's convictions were remote in time, his recent DWI offenses indicated that he was still having problems with alcohol and that his criminal behavior had not stopped. Accordingly, Flores-Cruz's assertion that the sentence imposed was greater than necessary to meet § 3553(a)'s goals of deterring future crime and protecting the public is without merit and is insufficient to rebut the presumption of reasonableness. *See Campos-Maldonado*, 531 F.3d at 339; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). He has failed to establish that his sentence was the result of error, much less plain error.

AFFIRMED.